UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo McClam, #3147, | ) C/A No. 3:07-3633-TLW-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Mr. NFN Sims; | ) |
| Mr. James Samuel, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Leo McClam (hereafter "Plaintiff"), files this action *pro se*, and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.[1]

## *PRO SE* REVIEW

Plaintiff is a *pro se* litigant whose pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980), however, even under this less stringent standard, a *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Sciences*, 901 F. 2d 387 (4th Cir. 1990).

---

[1] All pretrial matters in cases with a *pro se* party or application to proceed *in forma pauperis* are authorized for review by an assigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02, for submission of findings and recommendations to the District Court.

**BACKGROUND**

Plaintiff is a patient of the South Carolina Department of Mental Health, involuntarily committed to treatment as a Sexually Violent Predator. Plaintiff has an extensive history of cases filed in this Court. The first case was filed in October 2000. *See McClam v. Cavanaugh*, 3:00-3354-TLW-JRM (D.S.C. 2000) (hereafter "*McClam One*"). Plaintiff subsequently filed several actions in this Court beginning in March 2005. *See McClam v. Young-Rice*, 3:05-861-GRA-JRM (D.S.C. 2005) (hereafter "*McClam Two*"); *McClam v. Chavez*, 3:05-1795-TLW-JRM (D.S.C. 2005) (hereafter "*McClam Three*"); *McClam v. Young-Rice*, 3:05-2242-TLW-JRM (D.S.C. 2005) (hereafter "*McClam Four*"); *McClam v. Armor*, 3:05-3499-TLW-JRM (D.S.C. 2005) (hereafter "*McClam Five*"); *McClam v. Chavez*, 3:06-426-TLW-JRM (D.S.C. 2006) (hereafter "*McClam Six*"). In February of 2006, Plaintiff joined in a multiple plaintiff case, *Maness v. Ozmint*, 3:06-382-HMH-BHH (D.S.C. 2006), which resulted in a separate case, *McClam v. Ozmint*, 3:06-701-HMH-BHH (D.S.C. 2006) (hereafter "*McClam Seven*"). Since January 2007, Plaintiff has filed fourteen cases in this Court, including the current case. *See McClam v. Almey*, 3:07-20-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Eight*"); *McClam v. Wadman*, 3:07-1430-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Nine*"); *McClam v. Gant*, 3:07-1431-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Ten*"); *McClam v. Quaillin*, 3:07-1529-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Eleven*"); *McClam v. Bailey*, 3:07-1530-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Twelve*"); *McClam v. Craft*, 3:07-1532-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Thirteen*"); *McClam v. Wadman*, 3:07-3050-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Fourteen*"); *McClam v. McDonald*, 3:07-3139-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Fifteen*"); *McClam v. Saxon*, 3:07-3175-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Sixteen*"); *McClam v. Webber*, 3:07-3176-

TLW-JRM (D.S.C. 2007) (hereafter "*McClam Seventeen*"); *McClam v. Wetstone*, 3:07-3341-TLW-JRM (D.S.C. 2007) (hereafter *"McClam Eighteen*"); *McClam v. McDonald*, 3:07-3490-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Nineteen*"); *McClam v. Wetstone*, 3:07-3491-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Twenty*"); *McClam v. Boney*, 3:07-3492-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Twenty-one*"). This Court may take judicial notice of its own records in these prior cases. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

Given the recently accelerating rate of Plaintiff's filings, it has begun to appear that Plaintiff now files a federal civil action every time that some official or employee of the facility where he is confine does anything with which Plaintiff disagrees, regardless of whether or not a federal right is even conceivably implicated in the alleged wrongdoing. This continuing practice results in the expenditure of considerable limited judicial resources since all of Plaintiff's *pro se* complaints, regardless of facial merit, must be formally opened and docketed by Clerk's staff, and then they must all undergo the Court's procedural initial review process to determination whether or not they should be summarily dismissed, amended, or served on the opposing parties. *See* 28 U.S.C. §636(b)(1)(B); D.S.C. Civ. R. 73.02 In an attempt to document Plaintiff's history with the Court, the undersigned hereafter briefly describes the current status of the numerous cases filed by Plaintiff, none of which has ever proceeded past the summary judgment level in this Court, and most of which have been either found frivolous, voluntarily dismissed, or else simply not prosecuted to conclusion by Plaintiff.

In *McClam One*, the complaint alleges that the defendants took funds from Plaintiff's inmate trust account without his consent or a court order. The Plaintiff requested to proceed without prepayment of fees, also known as *in forma pauperis* (hereafter IFP), which was allowed by the Court. The parties reached a settlement and the Plaintiff filed a motion to dismiss the case with prejudice. On February 13, 2000, the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina, dismissed *McClam One* with prejudice.

Plaintiff filed *McClam Two* in March 2005, in which he claimed the defendants were indifferent to his safety based on threats from a fellow resident. Plaintiff failed to provide a filing fee or request to proceed without prepayment of the fee, so he was ordered to provide the required financial information. Plaintiff failed to respond to the Order, so his case was involuntarily dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure. On May 16, 2005, the Honorable G. Ross Anderson, United States District Judge for the District of South Carolina, dismissed *McClam Two* without prejudice.

In *McClam Three*, the complaint alleges the defendant was indifferent to Plaintiff's serious medical needs based on a rash. The Plaintiff filed an application to proceed IFP, which was granted. The case was served and the defendant filed a motion for summary judgement. On June 8, 2006, the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina, granted the defendant's motion for summary judgment, dismissing *McClam Three*.

Plaintiff filed *McClam Four* in August 2005, in which he again made a claim of failure to protect from harm based on a threat from a fellow resident. The Plaintiff filed an application to proceed IFP, which was granted. The case was not directed to be served, but was recommended for summary dismissal for failure to state a claim or request relief. On September 26, 2005, the

Honorable Terry L. Wooten, United States District Judge for the District of South Carolina, dismissed *McClam Four* with prejudice.

In *McClam Five*, the complaint claims harassment and a physical assault by the defendant, who was possibly an employee of the facility at which the plaintiff is committed. The Plaintiff filed an application to proceed IFP, which was granted. The case was directed to be served, but the defendant could not be located. The case was recommended for dismissal based on lack of service pursuant to Rule 4(m). A Report and Recommendation for summary dismissal was forwarded to the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina.

Plaintiff filed *McClam Six* two months later in February 2006. The complaint claims "retaliation" against Plaintiff for filing *McClam Three* concerning civil rights violations and requests an investigation and criminal charges be brought against the defendant as relief. The Plaintiff failed to provide necessary financial information or service papers as directed by Order of the Court, so the case was recommended for summary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to comply with an order of the Court and failure to prosecute his case. On May 12, 2006, the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina, dismissed *McClam Six* without prejudice.

Also in February of 2006, Plaintiff joined in a multiple plaintiff case, *Maness v. Ozmint*, 3:06-382-HMH-BHH (D.S.C. 2006), which resulted in a separate case, *McClam Seven*. The Plaintiff failed to provide necessary financial information or service papers as directed by Order of the Court, so the case was recommended for summary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to comply with an Order of the Court and failure to prosecute

his case. On May 25, 2006, the Honorable Henry M. Herlong, Jr., United States District Judge for the District of South Carolina, dismissed *McClam Seven* without prejudice.

On January 4, 2007, Plaintiff filed *McClam Eight*, which claims the defendants were giving Plaintiff incorrect medication in an attempt to kill him. The Plaintiff failed to provide necessary financial information or service papers as directed by Order of the Court, so the case was recommended for summary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to comply with an order of the Court and failure to prosecute his case. A Report and Recommendation for summary dismissal was forwarded to the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina.

In *McClam Nine*, the complaint alleges the defendants were indifferent to Plaintiff's medical needs based on a "stomach problem," as well as claiming Plaintiff was being forced to take medication which was causing undesirable side effects. The Plaintiff filed an application to proceed IFP, which was granted. The case was served and the defendants filed an answer. Plaintiff then filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 41 "with stipulation." The defendants did not respond, and the case was recommended for dismissal without prejudice. A Report and Recommendation for summary dismissal was forwarded to the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina.

Similarly, *McClam Ten*, which alleged unsanitary conditions, was voluntarily dismissed after service. The Plaintiff filed an application to proceed IFP, which was granted. On July 2, the Court issued an Order directing the case be served. On July 27, 2007, Plaintiff filed a Motion to Dismiss without prejudice based on Rule 41, and on August 9, 2007, the defendants filed an answer. *McClam Ten* was dismissed based upon Plaintiff's voluntary dismissal pursuant to Rule 41, which

allows for an action to be "dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed. R. Civ. P. 41(a)(1).

On June 4, 2007, <u>Plaintiff filed three complaints</u>, each of which were dismissed or recommended for dismissal pursuant to Rule 41. In *McClam Eleven*, the complaint alleges harassment, failure to provide "hygiene items," and forced medication. The Plaintiff filed an application to proceed IFP, which was granted. The Plaintiff failed to provide necessary service papers as directed by Order of the Court, so the case was recommended for summary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to comply with an order of the Court and failure to prosecute his case. A Report and Recommendation for summary dismissal was forwarded to the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina.

In *McClam Twelve*, the complaint alleges the defendant repeatedly threatened to harm Plaintiff. The Plaintiff filed an application to proceed IFP, which was granted. The case was served and the defendants filed an answer. On October 11, 2007, a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(B), signed by both parties, was filed. *McClam Twelve* was dismissed based upon the agreement of the parties to a voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

In *McClam Thirteen*, the complaint alleges the defendants illegally searched his room and destroyed federal property. The Plaintiff filed an application to proceed IFP, which was granted. On June 18, the Court issued an Order directing the case be served. On July 27, 2007, Plaintiff filed a Motion to Dismiss without prejudice based on Rule 41, and on August 9, 2007, the defendants

7

filed an answer. *McClam Thirteen* was dismissed based upon Plaintiff's voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, similar to *McClam Ten*.

In September 2007, the Plaintiff <u>filed four more cases</u>. In *McClam Fourteen* the complaint alleges the defendants are indifferent to Plaintiff's medical need based on a "stomach problem," as well as claiming Plaintiff was being forced to take medication which was causing undesirable side effects, similar to *McClam Nine*. The complaint also alleges the medication is administered in retaliation for filing complaints and "witness death of fellow inmate." The plaintiff filed an application to proceed IFP, which is pending. On September 14, 2007, Plaintiff was given an opportunity to provide necessary information and service papers to bring his case into proper form, and the case is currently pending.

In *McClam Fifteen*, the complaint alleges the defendant made sexual advances towards the Plaintiff. The Plaintiff filed an application to proceed IFP, which was granted. On October 11, 2007, the Court issued an Order directing the case be served by the U. S. Marshal, and the case is currently pending.

On September 19, 2007, the Plaintiff filed two cases, *McClam Sixteen* and *McClam Seventeen*. In these similar cases, the Plaintiff alleges the individual defendant in each case is killing patients at the South Carolina Department of Mental Health facility in which Plaintiff is involuntarily committed. In *McClam Sixteen*, the complaint claims the defendant "gave permission to her staff" to kill other patients in the facility. Plaintiff also claims he overheard the defendant give instructions to put bleach in his food. The complaint also alleges, as it does in *McClam Eighteen*, that the Plaintiff is not allowed to call the Clerk of Court because it "is not a legal phone call." In both *McClam Sixteen* and *McClam Seventeen*, the Plaintiff filed an application to proceed

8

IFP, both of which are pending. On October 4, 2007, Plaintiff was given an opportunity in both cases to provide necessary information and service papers to bring his cases into proper form, and both cases are currently pending.

In *McClam Eighteen*, the complaint repeated the same allegations of "giv[ing] permission to kill" other patients, as well as denial of a phone call to the Clerk of Court, only now directed at another employee/the defendant, a physician at the facility. As he did in several prior cases, Plaintiff requested monetary damages, declaratory relief, as well as "for the defendant to get the death penalty." The Plaintiff filed an application to proceed IFP, which, on October 31, 2007, was recommended for denial based on Plaintiff's continuing misuse of the privilege to file without prepayment of the filing fee. Plaintiff was also specifically WARNED in that Report and Recommendation that his continuing filing of frivolous cases in this Court might very well support the imposition of more restrictive pre-filing injunction against him.

On October 22, 2007, Plaintiff filed three more cases in this Court. *McClam Nineteen, Twenty and Twenty-one*, like several of his other cases, involved claims of verbal harassment and injuries to other patients and sought relief such as imposition of the death penalty and termination of employment of the defendant which this Court cannot grant. Reports and Recommendations for summary dismissals were prepared in all three cases, and Plaintiff was again specifically WARNED of the potential for entry of a pre-filing injunction by the Report and Recommendation issued in *McClam Twenty-one* on October 26, 2007.

Despite receiving two previous WARNINGS about the possible future consequences of his continuing to file frivolous cases, and despite his already having been once denied IFP status as a result of his abuse of the right to proceed without prepayment of the filing fee, Plaintiff has once

9

again filed a Complaint containing strikingly similar allegations of verbal threats and injuries to other patients that have previously been recommended for summary dismissal.  In the instant case, which now becomes *McClam Twenty-two*, Plaintiff seeks to proceed without first paying the full $ 350.00 filing fee (Entry 2), and seeks damages, imposition of the death penalty, and employment termination against two security officers at the facility where Plaintiff is involuntarily committed. He claims that Defendants poisoned the food tray of another patient, that both Defendants verbally threatened to hurt him(Plaintiff, and that one Defendant made him (Plaintiff) hang up on a phone call before Plaintiff had finished talking, causing Plaintiff to lose minutes on his phone card.  As Plaintiff has been informed numerous times, such claims are frivolous.  *See McClam Eleven, Eighteen, Nineteen, Twenty, Twenty-one*.

## DISCUSSION

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*  A federal court is required to determine if a valid basis for its jurisdiction exists and may dismiss the action *sua sponte* if no jurisdiction is established.  The Complaint filed in this case fails to establish federal jurisdiction in this case and, therefore, it should be dismissed without the issuance of service of process for Defendants.

The burden of establishing that a federal court has jurisdiction rests upon the party asserting a case. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936).  "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis . Pak*, 856

10

F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. at 182-83). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)(citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). The Complaint filed in this case contains neither a jurisdictional statement nor does it allege any facts that could provide this Court with jurisdiction.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). In order to have this Court adjudicate his claims, Plaintiff must establish that he has standing. "Article III of the Constitution confines the jurisdiction of the federal courts to actual 'Cases' and 'Controversies,' and . . . 'the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process.'" *Clinton v. City of New York*, 524 U.S. 417, 429-30 (1998) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Furthermore, the United States Supreme Court has held:

> To satisfy the case" or "controversy" requirement of Article III, which is the "irreducible constitutional minimum" of standing, a plaintiff must, generally speaking, demonstrate that he has suffered "injury in fact," that the injury is "fairly traceable" to the actions of the defendant, and that the injury will likely be redressed by a favorable decision.

*Bennett v. Spear*, 520 U.S. 154, 162 (1997) (citations omitted).

Initially, as stated above, the Complaint filed in this case alleges that one of the Defendants poisoned the food tray of another patient at the mental health facility at which Plaintiff is confined.

11

Plaintiff has no standing to bring suit on behalf of the other patients, and has stated no facts establishing any injury on his own behalf from any food-tray tampering. The Complaint fails to establish standing on Plaintiff's part to pursue any claims arising from allegations about illnesses or deaths of other patients.

Additionally, the Complaint claims that one Defendant forced Plaintiff to hang up a phone call early and thereby caused Plaintiff to "lose" some time off his phone card. Plaintiff has failed to identify a federal right which has been violated. Plaintiff does not allege that his phone call was legal in nature or that it played any part in any kind of denial of access to court or legal representation and no other possible violation of any federal constitutional right is apparent from one missed phone call of an undisclosed nature. Even if Plaintiff's cryptic allegations about the shortened phone call could be liberally construed as an attempt to claim denial of access to the Court, Plaintiff's prolific history of cases filed in this Court, including the current case, shows that Plaintiff has access to this Court and his First Amendment right under the U.S. Constitution "to petition the Government for a redress of grievances" has not been violated. The fact that one Defendant made Plaintiff hang up the phone before Plaintiff preferred to do so fails to invoke the jurisdiction of this Court.

Plaintiff also alleges that both Defendants threatened to do physical harm to Plaintiff. He does not claim that he was actually touched or otherwise physically harmed by either Defendant. Such allegations fail to establish a viable basis for the exercise of federal jurisdiction in this case. Plaintiff has been previously told by this Court that verbal harassment and/or threats do not support a viable claim of constitutional violation pursuant to 42 U.S.C. § 1983. It is well settled that "the use of vile and abusive language is never a basis for a civil rights action." *Sluys v. Gribetz*, 842

F. Supp. 764, 765 n. 1 (S.D. N.Y. 1994); *see Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims); *Batista v. Rodriguez*, 702 F.2d 393, 398 (2d Cir. 1983). Since abusive language is not actionable under 42 U.S.C. § 1983, the comments at issue in this case ("Get out the hallway before I hurt you, and push you out of the hallway in front of (2) witnesses" are not actionable under 42 U.S.C. § 1983. Plaintiff has also previously been informed that he cannot seek termination of Defendant's employment, *see Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire or remove officials not within the executive control of that federal district court)(*citing U.S. v. White County Bridge Comm'n*, 275 F.2d 529, 535 (7th Cir. 1960)), nor can he obtain an order from this Court directing that either Defendant be given the death penalty. *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Ok. State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970).

Finally, in addition to dismissal for lack of subject-matter jurisdiction, this case should be dismissed as frivolous. The Complaint does not provide sufficient factual allegations to discern what claim Plaintiff is attempting to bring against which Defendant, and it is settled that it is the plaintiff's burden to allege facts sufficient to state all the elements of his claim. *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002). The "short plain statement of the claim" required by Rule 8(a) of the Federal Rules of Civil Procedure, does not require detailed facts of the bases of the claim; however, the complaint must provide enough specificity to "give the defendant

13

fair notice of what the plaintiff's claim is." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) *quoting Conley v. Gibson*, 355 U.S. 41 (1957). Plaintiff's failure to make sufficient factual allegations to establish federal jurisdiction or to give reasonable notice of a claim presents a frivolous complaint requiring summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)( A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact.").

## **DENY PROCEEDING *IN FORMA PAUPERIS***

As stated above, Plaintiff has applied to proceed *in forma pauperis (Entry 2)*, but his request should be denied. The denial of *in forma pauperis* status removes the privilege of filing a case without paying the filing fee. The denial also shifts the responsibility for service of process back to the filing party, as the Court will not effect service of process pursuant to 28 U.S.C. § 1915(d).[2]

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. In *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980), the Fourth Circuit held:

> A district court has discretion to grant or deny an in forma pauperis petition filed under §1915. *Graham v. Riddle*, 554 F. 2d 133 (4th Cir. 1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915).

*See also Liles v. South Carolina Dept. of Corrections*, 414 F.2d 612, 613 (4th Cir 1969); *U. S. v. Gregg*, 393 F.2d 722, 723 (4th Cir.1968). Under *Graham v. Riddle*, 554 F. 2d at 134, "included within the district court's discretion is the authority to deny cost-free filing when a petition is

---

[2] In this frivolous case, summonses will not be issued unless service is ordered by the District Court Judge. At this time, Plaintiff has not provided correctly completed service documents in this case.

frivolous." As shown above, the Complaint in this case is both factually and legally deficient; therefore, its filing resulted in the presentation of a frivolous action. Plaintiff has been given notice of this Court's limited jurisdiction and the necessity to present claims capable of being addressed by this federal court several time previously and has even been warned that additional filing restrictions may be entered against him. The Court's processing of this frivolous action, like that required in most of his other twenty-one cases, represents a waste of limited judicial resources. Therefore, it is recommended that the Plaintiff's Motion to proceed *in forma pauperis* be denied.

## **WARNING OF POSSIBLE SANCTIONS**

Plaintiff has filed fifteen cases in this Court in the first eleven months of this year and a total of twenty-one cases over the last two years. At least half of these cases have been summarily dismissed or recommended for summary dismissal, or voluntarily dismissed by Plaintiff pursuant to Rule 41 of the Federal Rules of Civil Procedure after the Court expended limited judicial resources to serve and otherwise process the case. Plaintiff has filed many additional cases in which the case was recommended for involuntary dismissal based on failure of Plaintiff to prosecute the case. Such continuing preliminary filing activity undertaken but never leading to a final judgment represents a clear waste of judicial resources. This Court has the authority to order a pre-filing injunction or other appropriate sanction against the Plaintiff. *Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir. 1977); *see also Flint v. Haynes*, 651 F.2d 970, 974 (4th Cir. 1981)("joined other courts in approving pre-filing review of complaints brought by prisoners with a history of litigiousness"); *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23-25 (2nd Cir. 1986)(five factors for court to consider before imposing order of pre-filing review). The sanctions which the Court may consider include,

but are not limited to: denial of proceeding without prepayment of the filing fee; the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted; monetary sanctions that will have to be satisfied before any further filings may be made; dismissal of any action; entry of an order of contempt of court; and any and all other forms of sanctions available to the Court under Rule 11 of the Federal Rules of Civil Procedure. Overly litigious individuals place a burden on the judicial system and divert judicial resources from other pending litigation, so a court must "balance between insuring access to the courts and controlling already overburdened dockets." *In Re Burnley*, 988 F.2d 1, 4 (4th Cir. 1992).

**For the *third time*, Plaintiff is hereby placed on notice that if he continues to submit cases that are frivolous and fail to state a claim, or submit cases which he does not intend to pursue and prosecute, sanctions may be imposed which will place numerous restrictions on Plaintiff's ability to file future cases in this Court.**

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint filed in this case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(i).

It is further recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (*in forma pauperis*) (Entry 2) be denied, and that he be required to pay the $350 filing fee in this case. Plaintiff's attention is directed to the notice on the following page.

November 21, 2007                              s/Joseph R. McCrorey
Columbia, South Carolina                       United States Magistrate Judge

16

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).